1  PAUL D. SWANSON, admitted *pro hac vice*
   (swansonp@lanepowell.com)
2  DAVID C. SPELLMAN, admitted *pro hac vice*
   (spellmand@lanepowell.com)
3  TIFFANY H. SCOTT, admitted *pro hac vice*
   (scottt@lanepowell.com
4  LANE POWELL PC
   1420 Fifth Ave., Suite 4100
5  Seattle, WA  98101
   Telephone:  (206)223-7000
6  Facsimile:  (206)223-7017

7  THOMAS A. DIRKSEN 178161
   (trademarks@dirksenlaw.com)
8  4607 Lakeview Canyon Road, Suite 117
   Westlake Village, CA  91361-4028
9  Telephone: (805) 370-9100
   Facsimile:  (805) 435-1795

10
   Attorneys for Defendant
11 PRIMA BELLA PRODUCE, INC.

12                  UNITED STATES DISTRICT COURT

13      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

14
   GERAWAN FARMING, INC., a          )   Case No. 1:10-cv-00148-LJO-JLT
15 California Corporation,            )
                                      )
16                      Plaintiff,    )   **DEFENDANT'S OPPOSITION**
                                      )   **TO PLAINTIFF'S MOTION**
17         v.                         )   **TO EXCLUDE DEFENDANT'S**
                                      )   **SUPPLEMENTAL EXPERT**
18 PRIMA BELLA PRODUCE, INC., a       )   **WITNESS REPORTS (DKT.**
   California Corporation,            )   **NO. 47)**
19                                    )
                       Defendant.     )
20 _____ )

                     **I. INTRODUCTION**
21
22        Defendant Prima Bella Produce, Inc. ("Prima Bella") timely provided

23 supplemental expert witness disclosures and reports on their due date pursuant

24 to the Court's Scheduling Order (Dkt. No. 23).  Contrary to the contention

   advanced by plaintiff Gerawan Farming, Inc. ("GFI"), Prima Bella's expert
25
26

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 1

124877.0001/5064857.1

1    witnesses are properly characterized as "supplemental" or "rebuttal" experts

2    under the applicable procedural rules and substantive case law on point.

3         Prime Bella's supplemental reports are premised on GFI's failure to

4    provide opinion testimony that is generally necessary to sustain its burden of

5    proof with respect to trademark infringement and dilution claims and to recover

6    damages or other compensation.   GFI itself recognized this expert witness

7    necessity in its original and twice amended Rule 26 initial disclosures and its

8    objections to Prima Bella's first (and only) set of interrogatories.   Both

9    anticipate that trademark survey and damage issues would be the subject of GFI

10   expert witness testimony.   GFI's eleventh hour decision to drop a damages

11   remedy does not alter the necessity for opinion testimony.   Further, since there is

12   no direct evidence of actual confusion, GFI could demonstrate circumstantial

13   evidence of actual confusion only through a survey.   GFI's decision to proceed

14   *without* trademark survey or damages expert testimony to sustain its burden of

15   proof in its case-in-chief is a profound statement and indication of a fundamental

16   lack of merit of GFI's alleged trademark claims.

17        Even though GFI has chosen to proceed without retained experts, GFI

18   may offer the lay opinion testimony of its employees and its principals/owners

19   (Dan, Mike and Ray Gerawan) pursuant to Fed.R.Evid. 701 and 702.

20        While lay witnesses offering opinions are not required to provide a

21   written report, the "subject matter on which the witness is expected to present

22   testimony" must be disclosed pursuant to Fed.R.Civ.P. 26(a)(2)(C).   Yet, GFI

23   objected to the disclosure of such opinion testimony as "premature" in response

24   to a Prima Bella's interrogatory on point.   Thus, the supplemental expert witness

25   disclosures and reports proffered by Prima Bella rebut GFI's undisclosed lay

26   opinion testimony on liability and damage issues.   Because the depositions of

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 2
124877.0001/5064857.1

**LANE POWELL** pc
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1   Gerawan's principals have not yet occurred, this area of impermissible lay,

2   quasi-expert opinion testimony is the subject of ongoing deposition discovery.

3   It is unclear as of yet whether GFI will provide Rule 26(a)(2)(C)

4   supplementation required pursuant to Rule 26(e).

5      Furthermore, the reports are summary of voluminous writing and are

6   admissible under Evidence Rule 1006. The reports may be used in conjunction

7   with motions practice and may be used later if the Court were to consider the

8   equitable accounting remedy authorized by 15 U.S.C. § 1117[1] and other

9   equitable remedies, including an exceptional case ruling.

10     GFI has not been prejudiced in any way by Prima Bella's timely

11  disclosure of supplemental expert witnesses. GFI has not sought to schedule the

12  depositions of Prima Bella's supplemental experts, even though expert witness

13  discovery does not close until May 20. Nor has GFI sought any relief other than

14  the draconian one of striking Prima Bella's supplemental experts altogether,

15  even though GFI has Prima Bella's expert witness reports in hand as they

16  prepare for depositions of Gerawan's principals and will likely be proffering

17  what amounts lay/expert testimony of their own without preparing any Rule

18  26(a)(2)(C) reports. Further, Prima Bella's supplemental expert witness reports

19  will aid the Court in evaluating whether GFI's claims should be dismissed

20

21

22  _____

[1] (a) Profits; damages and costs; attorney fees
    When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a

23  violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall
    have been established in any civil action arising under this chapter, . . . , and subject to the principles of equity,

24  to recover (1) defendant's profits, . . . and (3) the costs of the action. . . .. If the court shall find that the amount
    of the recovery based on profits is either inadequate or excessive the court may in its discretion enter judgment

25  for such sum as the court shall find to be just, according to the circumstances of the case. Such sum in either of
    the above circumstances shall constitute compensation and not a penalty. The court in exceptional cases may

26  award reasonable attorney fees to the prevailing party. (Underlining added).

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 3

124877.0001/5064857.1

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

through summary judgment proceedings.  The deadline for filing dispositive motions in this matter is June 28, 2011.

For these reasons, as set forth more fully in this opposition brief, Prima Bella respectfully submits that plaintiff GFI's motion to exclude defendant Prima Bella's supplemental expert witness disclosures and reports should be denied.

## II. RELEVANT FACTS

A.   GFI Acknowledges in its Rule 26 Initial Disclosures That Damages Computations May Require Expert Analyses.

In GFI's first Rule 26 Initial Disclosure, GFI acknowledge that "the computation of Gerawan's damages may also require expert witness analyses." *See* Ex. A (dated July 16, 2010, attached to the accompanying Declaration of Paul D. Swanson).  The computation of damages is a mandatory disclosure that is required by Rule 26(a)(1)(A)(iii).   Rule 26(a)(1)(A)(iii) also requires production of all documents or other evidentiary material "including materials bearing on the nature and extent of injuries suffered . . . ."  In a second amended Rule 26 Initial Disclosure (dated April 5, 2011)—in other words, just three (3) days before Prima Bella's submission of its supplemental expert witness reports—GFI repeated this same statement. *See* Swanson Decl., Ex. A.

B.   GFI's Objects to Disclosure of Expert Witness Testimony as "Premature" in Response to Prima Bella's First Set of Interrogatories and Requests for Production.

On March 7, 2011, GFI objected to Prima Bella's first set of interrogatories and requests for production that sought to elicit information and documents regarding trademark survey and damages issues.  With respect to trademark survey issues, GFI refused to provide *any* information or documents, contending that the discovery requests were either seeking "premature expert

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 4

124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX· 206.223.7107

1   discovery" or invaded the attorney-client privilege or the attorney work product

2   doctrine.

3
4       REQUEST FOR PRODUCTION NO. 24:  All surveys, studies or
        other analyses that refer or relate to any alleged actual or likely
5       confusion regarding any PRIMA trademark or slogan.

6       GFI's RESPONSE:  Plaintiff objects to this request on the grounds
7       that it is vague and ambiguous and seeks documents unrelated to
        Defendant's infringing and dilutive conduct.  Plaintiff also objects
8       to this request on the grounds that it is overbroad, unduly
9       burdensome, and oppressive, particularly since Plaintiff has been
        using its PRIMA marks for more than 40 years.   Plaintiff also
10      objects to this request to the extent it seeks documents containing
11      information protected by the attorney-client privilege or the work
        product doctrine.
12
13      Subject to the aforementioned objections and to the extent Plaintiff
        understands the request, Plaintiff responds: *No non-privileged*
14      *documents are known to exist at this time.*  (Emphasis added.)

15      REQUEST FOR PRODUCTION NO. 25:  All surveys, studies or
16      other analyses that refer or relate to any alleged actual or likely
17      confusion you contend is attributable to defendant's conduct.

18      GFI's RESPONSE:  Plaintiff objects to this request on the grounds
19      that it is vague and ambiguous and *seeks premature expert*
        *discovery.*  Plaintiff also objects to this request on the grounds that
20      it is overbroad, unduly burdensome, and oppressive.  Plaintiff also
21      objects to this request to the extent it seeks documents containing
        information protected by the attorney-client privilege or the work
22      product doctrine.
23
24      Subject to the aforementioned objections and to the extent Plaintiff
        understands the request, Plaintiff responds: *No non-privileged*
25      *documents are known to exist.*  (Emphasis added.)

26

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REQUEST FOR PRODUCTION NO. 26:  All surveys, studies or other analyses that refer or relate to any alleged dilution of any PRIMA trademark or slogan.

GFI's RESPONSE:  Plaintiff objects to this request on the grounds that it is vague and ambiguous, *seeks premature expert discovery*, and sets forth the wrong test for dilution.  Plaintiff also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive, particularly since Plaintiff has been using its PRIMA marks for more than 40 years.  Plaintiff also objects to this request to the extent it seeks documents containing information protected by the attorney-client privilege or the work product doctrine.

Subject to the aforementioned objections and to the extent Plaintiff understands the request, Plaintiff responds: *No non-privileged documents are known to exist.*

REQUEST FOR PRODUCTION NO. 27:  All surveys, studies or other analyses that refer or relate to any dilution of any PRIMA trademark or slogan you contend is attributable to defendant's conduct.

GFI's RESPONSE:  Plaintiff objects to this request on the grounds that it is vague and ambiguous, *seeks premature expert discovery,* and sets forth the wrong test for dilution.  Plaintiff also objects to this request on the grounds that it is overbroad, unduly burdensome, and oppressive.  Plaintiff also objects to this request to the extent it seeks documents containing information protected by the attorney-client privilege or the work product doctrine.

Subject to the aforementioned objections and to the extent Plaintiff understands the request, Plaintiff responds: *No non-privileged documents are known to exist.*

*See* Swanson Decl, Ex. B (emphasis added).

The importance of trademark survey evidence to demonstrate any alleged likelihood of confusion in this case is highlighted by the fact that plaintiff has

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

produced *no* evidence of any actual confusion in this case. *See* Swanson Decl., Ex. C, at 5-6 (filed under seal).

C.   To Date, GFI Has Not Disclosed Lay Witnesses Who May Be Providing Opinion Testimony Under Fed.R.Civ.P. 26(a)(2)(C).

Prima Bella's interrogatories also sought disclosure of any plaintiff's lay witnesses from whom plaintiff intended to elicit expert witness testimony. Pursuant to Fed.R.Civ.P. 26(a)(2)(C), GFI is required to provide a disclosure that states the subject matter on which the witness is expected to provide testimony and a summary of the facts and opinions to which the witness is expected to testify.   GFI objected, contending that such a disclosure was "premature" in light of the Court's Scheduling Order:

> INTERROGATORY NO. 23:   Identify each person who may provide opinion testimony or expert testimony pursuant to Federal Rules of Evidence 701, 702, 703 or 705, and for each such witness provide the information or disclosure required by Fed.R.Civ.P. 26(a)(2)(B) and Fed.R.Civ.P. 26(a)(2)(C).
>
> GFI's RESPONSE:   Plaintiff objects to this interrogatory on the grounds *that it premature given the scheduling order in effect in this matter*, and seeks the disclosure of information protected by the work product doctrine. (Emphasis added.)

Swanson Decl., Ex. C (emphasis added).

On March 23, plaintiff GFI did not provide any disclosure of any lay GFI witness who might be called to provide opinion or expert witness testimony. GFI has not supplemented its answer to this interrogatory.

D.   Plaintiff GFI Objects to Providing Meaningful Answers to Defendant's Damages Interrogatories and Withdraws Its Designation of a Rule 30(b)(6) Corporate Representative to Testify on its Behalf Regarding Its Alleged Damages Claim During His Deposition.

In its interrogatory answers dated March 7, 2011, plaintiff GFI objected to providing information regarding its alleged damages claim, contending that such

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 7

124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

discovery requests, *inter alia*, were "unduly burdensome" and "oppressive" and despite the fact that the parties had entered into a stipulated protective order:

> INTERROGATORY NO. 21:   For each item or category of damages GFI seeks to recover in this action, separately state the dollar amount of the damages claims and how you calculated each amount.
>
> GFI'S RESPONSE TO INTERROGATORY NO. 21:   Plaintiff objects to this interrogatory on the grounds that it is vague and ambigous. Plaintiff also objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, and oppressive. Plaintiff also objects to this interrogatory to the extent it seeks Plaintiff's confidential or proprietary business information, and Defendant has yet to provide its sales information.[2]   Plaintiff also objects to the extent it seeks information protected by the attorney-client privilege or the work product doctrine.   Plaintiff also objects to this interrogatory on the grounds that it is compound and contains multiple subparts and, thus, causes Defendant to exceed the number of interrogatories allowed it under FRCP 33.

Swanson Decl. Ex. C, at 15.

In its initial and revised Notice of Rule 30(b)(6) deposition notice (dated February 16, 2011 and March 24, 2011 respectively), Prima Bella sought to obtain testimony from a GFI Rule 30(b)(6) corporate representative about the following topic:

> Plaintiff's factual basis for and calculation of any alleged damages that plaintiff contends has been caused by defendant's use of its PRIMA BELLA trademarks and for which plaintiff seeks a monetary recovery in this case.

Swanson Decl., Ex. D.

GFI designated Brent Hansston, its Chief Financial Officer, as its most knowledgeable corporate representative. *See* Swanson Decl., Ex. E.  However, during the deposition of Mr. Hansston on April 7, 2011, GFI's counsel withdrew

---

[2] GFI's statement regarding Prima Bella's production is incorrect.  In fact, Prima Bella produced significant sales information before March 7.

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 8

124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1  Mr. Hansston as its corporate representative and stated that GFI would be

2  presenting no Rule 30(b)(6) witness on this topic.

3      Q.    Okay. [Rule 30(b)(6)] Topic 17 is quote; "Plaintiff's factual
    basis for and calculation of any alleged damages [that] plaintiff
4      contends has been caused by defendant's use of its Prima Bella
    marks and for which it seeks a monetary recovery in this case."
5      What information are you testifying about that supports that topic?

6      A.    What number again?  I'm sorry.

7      Q.    Seventeen.

8      A.    I'm not providing any testimony on that.  * * *

9      Mr Mallen:  Right now we are not aware of actual damages as
    opposed to disgorgement of profits; so that's why – the answer that
10     he gave.

11     Q.    So you won't be testifying on that topic?

12     A.    No.

13     Mr. Swanson: Okay.  And it sounds like there is no other designee
    here today provided.  So there is no Gerawan 30(b)(6) witness for
14     that topic?

15     Mr. Mallen:  Right now based on what we are aware, that's correct.

16 Swanson Decl., Ex. E (rough transcript of Hansston Dep., taken on April 7).

17     Notwithstanding this GFI's counsel's representation about the altered

18 nature of plaintiff's damage claim theory, GFI has not prepared any formal

19 supplementation of its interrogatory answers to date regarding the nature and

20 basis for its alleged damage claims in this case.

21 E.    The Retention of Defendant Prima Bella's Supplemental Expert
    Witnesses and Preparation of their Disclosure and Reports.
22
23     The day after GFI withdrew Hansston as it company witness on damages,

Prima Bella disclosed two expert reports on damages and the lack of survey
24
evidence.  Earlier, Prima Bella had retained two experts rebut any survey or
25
damages lay/expert testimony that GFI might proffer on March 23, 2011.  Based
26

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 9
124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

on GFI's Rule 26 initial disclosures and its discovery responses, Prima Bella anticipated that GFI would be providing expert witness testimony with respect to the elements of its case that are proven by means of circumstantial evidence (a survey) and its claim for monetary relief.

First, Dr. Jacob Jacoby was retained to provide rebuttal testimony with respect any the methodology and evidentiary underpinnings of any alleged survey evidence that plaintiff might submit.   The surveys would be used as circumstantial evidence to demonstrate: (a) any alleged secondary meaning of the alleged PRIMA marks; (b) any alleged likelihood of confusion between GFI's and Prima Bella's marks; (c) the alleged fame of GFI's alleged PRIMA marks; and (d) any alleged dilution of plaintiff's alleged PRIMA marks caused by defendant.

Second, Prima Bella retained Krista Holt to provide rebuttal testimony with respect to any expert witness testimony that GFI might proffer to satisfy its burden of proof with respect to demonstrating damages allegedly attributable to defendant's alleged infringing conduct.

Until the passing of the March 23 due date for designating expert witness testimony, Prima Bella's supplemental expert witnesses could not begin their work to prepare rebuttal reports.   The two experts were prepared to respond to GFI's lay/expert witness disclosures pursuant to Rule 26(a)(2)(B) or Rule 26(a)(2)(C).   Because the disclosure of expert witnesses under the Court's Scheduling Order required both the disclosure of the expert and the preparation of a report, Prima Bella's retained experts obviously had to determine what GFI intended to proffer by way of expert or opinion testimony before preparing their reports.

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 10
124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

The failure of GFI to designate any retained or lay expert opinions or reports on March 23 altered the projected work to be performed by Prima Bella's experts. There were no disclosed surveys and no damage calculations provided by GFI. Instead, the supplemental reports of Prima Bella's experts respond to the *absence* of fundamentally necessary survey and damages expert witness testimony. Prima Bella's supplemental expert reports demonstrate how GFI is not able to satisfy its burden of proof for trademark infringement, dilution, and damages without proffering the survey and damages testimony. *See* Supplemental Expert Witness Reports of Dr. Jacob Jacoby (Dkt. No. 52) and Krista Holt (Dkt. No. 53).

## III. DEFENDANT COMPLIED WITH THE COURT'S SCHEDULING ORDER IN DISCLOSING ITS SUPPLEMENTAL EXPERTS

A.    Plaintiff's Burden of Proof in Trademark Cases.

Plaintiff GFI's timing argument regarding expert witness disclosures seeks to disregard and eliminate from consideration the burden of proof a trademark plaintiff must first satisfy in pressing trademark infringement, dilution and related damages claims before a defendant need provide any evidentiary response. GFI glosses over this point. However, it provides substantial legal justification allowing a defendant to respond to and rebut a plaintiff's proffer of expert witness testimony with respect to trademark survey evidence or the alleged fact and amount of damages.

GFI's desire to conflate its burden of proof is not recognized or endorsed in trademark case law or treatises. In *KP Permanent Make-Up v. Lasting Impression I, Inc.* 543 U.S. 111 (2004), the Supreme Court stated that the "burden of proving likelihood of confusion (that is, infringement) [remains] on the party charging infringement even when relying on an incontestible

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 11
124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

1    registration." *Id.* at 118.  *See also M2 Software, Inc. v. Madacy Entertainment*,
2    421 F.3d 1073, 1080 n.5 (9th Cir. 2005)(for plaintiff "to succeed on each of its
3    other federal, state and common-law claims, it must establish a likelihood of
4    confusion.").

5        With respect to survey evidence, the leading treatise on trademark law
6    observes that the "usual procedure is for one of the parties to the litigation to
7    hire a survey taker to run an appropriate survey.  The survey expert for the
8    opponent may then attack the substance and form of the other side's survey
9    and/or counter it with a different survey producing different results."   6
10   *McCarthy on Trademarks and Unfair Competition,* § 32:158 "Introduction to
11   Survey Evidence" (4th Ed. 2011).

12       GFI bears the burden of providing, *inter alia,* the following points, all of
13   which are often most meaningfully achieved through the submission of
14   trademark survey evidence:

15   • Secondary Meaning:  As the Ninth Circuit noted in *Levi Strauss & Co. v.*
16       *Blue Bell, Inc.*, 778 F.2d 1352, 1358 (9th Cir. 1985), an "expert survey of
17       purchasers can provide the most persuasive evidence on secondary
18       meaning."  *See also Honestech, Inc. v. Sonic Solutions*, 725 F.Supp.2d
19       573, 578 (W.D. Tex. 2010)("To establish secondary meaning, 'a plaintiff
20       must show that the primary significance of the term in the mind of the
21       consuming public is not the product by the producer.'  * * *  Plaintiffs
22       must 'demonstrate a high degree of proof to establish secondary
23       meaning.'" citations omitted).

24   • Likelihood of Confusion.   "In addition to offering direct evidence of
25       actual confusion by customers, retailers, salesmen, or the like, what has
26       become a usual way to demonstrate . . . consumer confusion . . . ., in a

case where the existence of . . . consumer confusion is not otherwise obvious, is for the *proponent* to undertake some form of survey of consumer attitudes *under actual market conditions*." *Vista Food Exchange v. Vistar Corp.*, 2005 WL 2371958 (E.D.N.Y. 2005)(case citation omitted; emphasis in original and added).

- Fame and Dilution. "A plaintiff seeking relief under anti-dilution law must show that its mark is famous and distinctive, that defendant began using the mark in commerce after plaintiff's mark became famous and distinctive, and that defendant's mark is likely to dilute plaintiff's mark." *Visa Intern. Service Ass'n v. JSL Corp.*, 610 F.3d 1088, 1089-90 (9th Cir. 2010). "The statute requires that the mark be 'widely recognized' by the general consuming public of the United States. That is a rigorous and demanding test. I believe that a minimum threshold survey response should be in the range of 75% of the general consuming public of the United States." 4 *McCarthy on Trademarks and Unfair Competition*, § 24.106 "Federal factors relevant to whether a mark is 'famous'" (4th Ed. 2011).

Similarly, with respect to trademark damages, a "plaintiff must prove both the fact and amount of damage." *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1407 (9th Cir. 1993)(citing *McCarthy* treatise). As the *Lindy* court observed, the plaintiff "was unable or unwilling to present competent evidence of its lost profits or [defendant's] unjust enrichment arising from the infringement." *Id.* at 1409. Restatement (Third) Unfair Competition § 36 cmt I (1995)("damages ordinarily requires proof that some consumers have been actually confused or deceived. . . . the proof may consist instead of

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 13
124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

circumstantial evidence such as consumer surveys, market analysis, or the nature of defendant's misconduct.").

**B.** **The Court's Scheduling Order Does Not Alter Trademark Burdens of Proof Nor Requires a Defendant to Speculate In Advance of a Plaintiff's Expert Witness Disclosure as to How a Trademark Plaintiff May Seek to Meet Its Burden of Proof.**

Neither the Federal Rules of Civil Procedure nor the Court's Scheduling Order seek to transform the burden of proof on issues germane to trademark litigation.   As this Court stated in *Stamas v. County of Madera*, 2011 WL 826330 (E.D. Cal. 2011), an "opinion needed to prove an element of a Plaintiff's case in chief, generally, is not rebuttal evidence."

In this regard, defendant's expert witness submissions are intended to contradict or rebut evidence on the same subject matter identified by GFI under Rule 26(a)(2)(B) or (C).   That GFI is not prepared to present expert witness testimony under Rule 26(a)(2)(B) becomes a crucial evidentiary point itself in a trademark case which requires that a plaintiff present such evidence.   In other words, the *absence* of survey evidence becomes a compelling GFI admission with respect to trademark litigation.[3]   That is what Dr. Jacoby's supplemental report demonstrates.   Further, because GFI appears intent on substituting incompetent lay opinion testimony with respect to secondary meaning, likelihood of confusion and fame/dilution issues, Dr. Jacoby's supplemental report challenges the eventual introduction of any such evidence by lay witnesses—even though GFI may be shirking its Rule 26(a)(2)(C) disclosure

---

[3] As stated in 2 Wigmore, Evidence, § 285 (Chadbourn Rev. 1979), the "nonproduction of evidence that would naturally have been produced by an honest and therefore fearless claimant permits the inference that its *tenor is unfavorable to the party's cause*.   Ever since the case of the Chimney Sweeper's Jewel, this has been a recognized principle . . . ." (Emphasis in original.)   "One of the general rules of evidence, of universal application, is that the best evidence of disputed facts must be produced of which the nature of the case will admit." *Clifton v. United States*, 4 How. 242, 247 (1846).

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 14
124877.0001/5064857.1

obligations. The degree to which GFI seeks to introduce lay opinion testimony is unclear because GFI has not provided any disclosures under Rule 26(b)(2)(C). It may well seek to circumvent those disclosure requirements at trial by proffering lay/expert opinion testimony that should have been disclosed. Hence the decision regarding proper rebuttal testimony on Dr. Jacoby's part is properly reserved for trial when the full extent of GFI's non-disclosure of lay/expert witness opinion testimony will become apparent.

Similarly, Krista Holt's supplemental report is necessary to prevent GFI from trying to introduce incompetent lay opinion testimony regarding GFI's alleged fact and amount of damages proof. That GFI has not complied with its disclosure obligation under Rule 26(b)(2)(C) does not lead to a conclusion that defendant's rebuttal damages report should be excluded. In fact, it means just the opposite. Plaintiff appears intent on introducing undisclosed and likely incompetent lay opinion at trial with respect to its damage claim. Krista Holt's expert witness testimony at trial. will be necessary to rebut GFI's attempt to evade Rule 26(b)(2)(C)'s lay/expert disclosure requirements. Hence, any determination about the admissibility of Krista Holt's rebuttal testimony should be reserved until trial.

C.    The Timing of Defendant's Supplemental Expert Witness Disclosure is Substantially Justified or Harmless.

Defendant respectfully submits that its supplemental expert witness disclosures are and were timely filed on their due date under the Court's Scheduling Order. In the event the Court deems otherwise, Prima Bella's supplemental expert witness disclosure on April 8 is substantially justified or harmless in light of the foregoing discussion regarding a plaintiff's burden of

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 15
124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON  98101-2338
206.223.7000 FAX: 206.223.7107

proof in trademark cases and GFI's failure to disclose lay/expert witness testimony as required under Rule 26(a)(2)(C).

In *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir. 2001), the Ninth Circuit articulated four factors for the Court to consider in evaluating an alleged untimely disclosure of expert witness testimony. Each factor militates against striking defendant's supplemental expert witness reports.

1. <u>Prejudice or surprise to the party against whom the evidence is offered</u>. Here, GFI cannot claim any prejudice or surprise. The rebuttal experts show that that GFI's decision not to present survey evidence or provide competent damages testimony contravenes proper methodology in a trademark case. It is also exposing GFI's failure to disclose lay/expert witness testimony. Indeed, the disclosure of defendant's rebuttal experts will act as a healthy and wholly necessary antidote to GFI's attempt to introduce incompetent expert witness testimony at trial through lay witnesses.

2. <u>The ability of that party to cure the prejudice</u>. As set forth above, there is no prejudice to GFI since it apparently has no plans to retain competent expert witness testimony of any sort. Further, it has the ability and opportunity to take the depositions of defendant's rebuttal expert witness, but appears uninterested in doing so.

3. <u>The likelihood of disruption of the trial</u>. There is no likelihood of trial disruption here. Rather, the real prejudice will come if defendant's rebuttal experts are not allowed to refute GFI's attempt to introduce incompetent lay/expert witness opinion testimony at trial in order to cover up its methodological failures of its trademark infringement and damages proof.

4. <u>Bad faith or willfulness in not disclosing the evidence</u>. There is no evidence of bad faith or willfulness in not disclosing supplemental expert

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 16

124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX. 206.223.7107

witness reports earlier than their April 8 due date in light of the burdens of proof applicable in trademark infringement lawsuits. On the contrary, defendant fully complied with its disclosure obligations on that date and provided both the disclosure and complete report required under the Court's Scheduling Order. What will constitute a form of bad faith conduct will be GFI's efforts to introduce incompetent and undisclosed lay/expert witness opinion at trial in lieu of better prepared expert witness testimony. GFI's efforts to prove its infringement and damage claims through lay opinion testimony will inevitably elicit objections will disrupt the trial and will likely cause jury confusion.

## IV. CONCLUSION

For the reasons presented, defendant Prima Bella respectfully submits that the Court should deny plaintiff's motion to exclude defendant's supplemental expert reports and should reserve any decision regarding the admissibility of their testimony until the trial of this action, if necessary.

DATED this 2nd day of May, 2011.

LANE POWELL PC



Paul D. Swanson (*pro hac vice*)
David C. Spellman (*pro hac vice*)
Tiffany H. Scott (*pro hac vice*)
1420 Fifth Ave., Suite 4100
Seattle, WA 98101
Telephone: (206)223-7000
Facsimile: (206)223-7017

Thomas A. Dirksen  178161
4607 Lakeview Canyon Road, Suite 117
Westlake Village, CA 91361-4028
Telephone: (805) 370-9100
Facsimile: (805) 435-1795

Attorneys for Defendant Prima Bella Produce, Inc.

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO EXCLUDE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS REPORTS - 17

124877.0001/5064857.1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

## PROOF OF SERVICE
### 1013A (3) CCP Revised 1/1/88

I am a citizen of the United States and employed in King County, Washington. I am over the age of eighteen years and not a party to the within action. My business address is: Lane Powell PC, 1420 Fifth Ave., Ste 4100, Seattle, WA 98101.

I am familiar with Lane Powell PC's practice whereby each document is placed in an envelope, sealed, postage is placed thereon, and the sealed envelope is placed in the office mail receptacle. The mail is collected and deposited in a United States Postal mailbox at or before the close of business each day.

On May 2, 2011, I served the foregoing document(s):

- Defendant's Opposition To Plaintiff's Motion To Exclude Defendant's Supplemental Expert Witness Reports (DKT. No. 47)

on the parties in this action by placing ☑ the original and/or ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

☑   **BY ELECTRONIC MAIL**

☑   **BY REGULAR MAIL** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail at Seattle, Washington, addressed as set forth below:

> Jill M. Pietrini
> Barry E. Mallen
> Manatt, Phelps & Phillips, LLP
> 11355 W. Olympic Boulevard
> Los Angeles, CA 90064
> Telephone: (310)312-4000
> Facsimile: (310)312-4224

☐   (STATE)   I declare under penalty of perjury under the laws of the State of [Washington] that the above is true and correct to the best of my knowledge.

☑   (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 2, 2011 at Seattle, Washington.

/s/Cheryl Seelhoff
Cheryl Seelhoff

DEFENDANT PRIMA BELLA PRODUCE, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL
EXPERT WITNESS DISCLOSURES AND REPORTS - 18

124877.0001/5064857.1

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107