IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERAWAN FARMING, INC., | Case No. 1:10-cv-00148 LJO JLT |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXPERT WITNESSES |
| vs. | (Doc. 47) |
| PRIMA BELLA PRODUCE, INC., | |
| Defendant. | |

Pending before the Court is Plaintiff Gerawan Farming's motion to exclude expert witnesses. Plaintiff seeks to exclude as untimely the expert witness reports of Dr. Jacob Jacoby and Krista Holt, which were disclosed to Plaintiff by Defendant Prima Bella Produce on April 8, 2011. For the reasons set forth below, the undersigned **GRANTS** the pending motion.

**I.    BACKGROUND**

This is an action for trademark infringement, trademark dilution, trademark cancellation, and unfair competition. Plaintiff seeks to recover damages and injunctive relief for infringements on its "PRIMA" trademarks (United States Trademark Registration Nos. 1,441,378 and 3,592,505), which are used in the distribution of fresh produce. (Doc. 13.) Defendant contests Plaintiff's allegations and brings a counterclaim to cancel United States Trademark Registration Nos. 1,441,378, 3,592,505, and 1,585,993. (Doc. 21.)

On June 30, 2010, the Court issued a scheduling order for this matter. (Doc. 23.) Therein, the

1  Court set June 28, 2011 as the deadline for filing dispositive motions and November 7, 2011 as the date
2  for trial. (Id. at 3, 5.) The Court also instructed the parties to "disclose all expert witnesses, in writing,
3  on or before 3/23/2011, and to disclose all supplemental experts on or before 4/28/2011." (Id. at 2.) The
4  Court warned the parties that failure to properly designate an expert in accordance with its order and
5  Federal Rule of Civil Procedure 26(a)(2)(A)-(B) could result in the Court excluding the testimony or
6  other evidence offered by that expert. (Id.)

7  On February 24, 2011, the Court granted the parties' stipulation to amend the scheduling order,
8  and the deadlines for non-expert discovery, expert discovery, non-dispositive motion filing, and non-
9  dispositive motion hearing were extended. (Doc. 34 at 2.) However, nothing in the order altered the
10 parties' obligation under the initial scheduling order to disclose all expert witnesses by March 23, 2011
11 and all supplemental experts by April 8, 2011 nor was any such alteration requested. (Doc. 32 at 3)

12 Neither party disclosed expert witnesses on or before March 23, 2011. Rather, on April 8, 2011,
13 Defendant disclosed two "supplemental" expert witnesses, Dr. Jacob Jacoby and Krista Holt, whose
14 reports are now at issue.

15 On April 13, 2011, Plaintiff filed the instant motion to exclude. (Doc. 47.) Therein, Plaintiff
16 argues that the reports of Dr. Jacob Jacoby and Krista Holt neither supplement nor rebut any previously
17 disclosed expert reports. (Id. at 3, 9.) Thus, in Plaintiff's view, the expert reports should have been
18 provided to Plaintiff by March 23, 2011, the deadline for initial expert witness disclosures. (Id. at 4-5.)
19 Because they were not, and because the untimely disclosures were neither substantially justified nor
20 harmless, Plaintiff contends that the expert reports must be excluded. (Id. at 7-11.)

21 On May 2, 2011, Defendant filed its opposition to the instant motion. (Doc. 59.) Defendant
22 argues that its expert disclosures were timely and proper under the deadline for supplemental expert
23 disclosures because the reports rebut Plaintiff's "undisclosed lay opinion testimony" and responds to
24 Plaintiff's own failure to retain expert witnesses to support its case.[1] (Id. at 2, 11.) Defendant maintains
25 that even if its expert reports were untimely, the delay was substantially justified and harmless. (Id. at

---

[1] At the hearing, Defendant's counsel explained that Dr. Jacoby was needed to testify that survey data usually is offered in a case such as this and to speculate as to Plaintiff's reasoning for failing to provide this information. However, counsel admitted also that, as a matter of law, survey evidence is not required. Thus, why counsel believed that an expert would be permitted to testify on these topics, was not explained to the Court's satisfaction.

2

15-17.) Lastly, Defendant argues, in the alternative, that its expert reports are admissible as summaries of voluminous writings under Federal Rule of Evidence 1006. (Id. at 3.)

On May 9, 2011, Plaintiff filed a reply. (Doc. 65.) Therein, Plaintiff reasserts that good cause does not exist to ignore the scheduling order, a fact that Plaintiff argues Defendant readily concedes. (Id. at 6.) Plaintiff also reiterates that Defendant's proffered expert reports are neither supplemental or rebuttal in nature because there are no expert reports for Defendant to supplement or rebut. (Id. at 7-9.) Moreover, in Plaintiff's view, Defendant's contention that its proffered expert reports are somehow necessary for rebutting *future* testimony is "non-sensical." (Id. at 9.) Finally, Plaintiff reaffirms that Defendant's untimely disclosures are neither substantially justified or harmless. (Id. at 10.) According to Plaintiff, (1) the proffered expert reports are prejudicial because they will have an undue impact on a jury; (2) the prejudice is not readily curable; (3) there will be a disruption to trial; and (4) the untimely disclosures were made in bad faith. (Id. at 10-12.)

On May 16, 2011, the parties appeared before the Court for hearing on this matter.

**II.    DISCUSSION**

    **A.    Initial, Supplemental, or Rebuttal Expert Reports**

The Court must first determine whether the expert reports of Dr. Jacob Jacoby and Krista Holt constitute initial, supplemental, or rebuttal reports. As indicated above, Plaintiff argues that the expert reports in dispute constitute initial expert disclosures. Defendant, meanwhile, contends that its expert reports are "supplemental" or "rebuttal" in nature.

Pursuant to Federal Rule of Civil Procedure 26, a party is required to "supplement" its expert reports to reflect any new information discovered after the report's initial disclosure. Fed. R. Civ. P. 26(a)(2)(E) & 26(e)(2). "[D]esignation of 'supplemental' experts[, therefore,] is an ongoing obligation of the parties to correct earlier opinions disclosed by an expert. It does not refer to the disclosure of a new expert" once the court-ordered deadline for simultaneous initial disclosure of experts has expired. United States v. Southern Cal. Edison Co., Case No. 1:01-CV-5167 OWW  DLB, 2005 U.S. Dist. LEXIS 24592, at *8 (E.D. Cal. Sept. 23, 2005) (quoting Hampton v. Schimpff, 188 F.R.D. 589, 590 (D. Mont. 1999)). Here, Defendant readily concedes that Dr. Jacob Jacoby and Krista Holt were not designated as initial expert witnesses by the March 23, 2011 deadline. Therefore, it is inappropriate to

characterize Defendant's proffered expert reports as "supplemental" in nature, as they do not correct or clarify any of the experts' previously disclosed opinions.

It is also improper to characterize Defendant's proffered expert reports as "rebuttal" evidence. A party may file a "rebuttal" expert report to "contradict or rebut evidence" offered by another party in its initial expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, it is undisputed that Plaintiff did not disclose any expert evidence. Thus, in the absence of expert reports for Defendant to "contradict or rebut," Defendant's proffered expert reports cannot constitute "rebuttal" evidence within the meaning of Rule 26(a)(2)(D)(ii). Defendant's bald argument to the contrary (that its expert reports may respond to the *absence* of expert evidence on Plaintiff's side) is not persuasive. See, e.g., Internet Servs., LLC v. Immersion Corp., No. C-06-02009 CW (EDL), 2008 U.S. Dist. LEXIS 120563, at *4 (N.D. Cal. May 13, 2008) ("Here, because there were no opening expert reports, [the defendant's so-called "Rebuttal Expert Reports"] are not rebuttal reports 'intended solely to contradict or rebut evidence on the same subject matter' contained in initial expert reports, and therefore are untimely.").

The Court is also not persuaded by Defendant's argument that its expert reports are needed to rebut any undisclosed lay testimony that Plaintiff is likely to use in the future. Rule 26(a)(2) explicitly limits rebuttal expert reports to contradicting *expert* evidence offered by another party. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rule 26(a)(2) has no applicability to lay evidence provided pursuant to Federal Rule of Evidence 701. See Fed. R. Civ. P. 26(a)(2)(A). Moreover, to the extent that Defendant fears Plaintiff will use lay testimony for "quasi-expert" purposes, those fears are unfounded. Because Plaintiff has not disclosed any anticipated use of expert testimony, Plaintiff has precluded itself from introducing this type of testimony, whatever its source. See Fed. R. Civ. P. 37(c)(1).

Accordingly, as the above discussion makes clear, the expert reports of Dr. Jacob Jacoby and Krista Holt are initial expert reports. Characterization of these reports as "supplemental" or "rebuttal" in nature would only serve to undermine the expert disclosure deadlines set by the Court. See Metro Ford Truck Sales, Inc. v. Ford Motor Co., 145 F.3d 320, 324 (5th Cir. 1998) ("The purpose of rebuttal and supplementary disclosures is just that – to [rebut and to] supplement. Such disclosures are not intended to provide an extension of the expert designation and report production deadline.").

///

### B. Timeliness of the Expert Reports

Parties are required to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Here, the Court issued a scheduling order instructing the parties to disclose all initial expert reports on or before March 23, 2011. Defendant, however, did not disclose the expert reports of Dr. Jacob Jacoby and Krista Holt until over two weeks later, on April 8, 2011. Accordingly, the Court finds the reports to be untimely.

### C. Exclusion of the Expert Reports

If a party fails to timely disclose its expert witnesses in a manner prescribed by the court, the party is not allowed to use that witness to supply evidence, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1). Rule 37(c)(1) "gives teeth" to the disclosure requirements of Rule 26(a)(2)(A). Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Exclusion of improperly disclosed expert witnesses is "self-executing . . . and automatic to provide a strong inducement for disclosure of material . . ." Id. at 1106 (citations and internal quotation marks omitted). Thus, the burden falls on the party facing the sanction to demonstrate that its expert witness should not be excluded under Rule 37(c)(1). Id. at 1107; see also Torres v. City of Los Angeles, 548 F.3d 1197, 1213 (9th Cir. 2008).

#### 1. Substantial Justification

Defendant contends that any delay in the disclosure of its expert reports was justified for two reasons. First, Defendant argues that in trademark infringement cases, the plaintiff carries the burden of proof and therefore, as a general matter, discloses expert evidence first.[2] Second, Defendant argues that Plaintiff's evasive discovery responses not only led Defendant to wrongly believe that such expert testimony would be forthcoming, but also deprived Defendant of facts on which it could base its own expert evidence upon. For both these reasons, Defendant maintains that it was appropriate for it to wait until after Plaintiff disclosed its expert reports, or at least until Plaintiff affirmatively elected not to present expert evidence, before producing its own expert testimony.

---

[2] The Court is hard-pressed to think of very many case types, i.e., an interpleader action, in which the plaintiff does not carry, at least, an initial burden of production. In any event, when the Court scheduled this case, it was well aware with whom the burden of proof lay and it has little doubt that counsel was aware also. The implication raised in the opposing papers, that counsel could participate in developing the case schedule and then later–after having blown the pertinent case deadline–assert that the Court's Order was ill-advised, is itself ill-advised.

5

The Court is not persuaded. If Defendant truly wished for the expert disclosure deadlines to conform with the burdens of proof in this case, it could have requested a staggered disclosure deadline that allowed Defendant to disclose its experts only after Plaintiff had done so.[3] See, e.g., Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys., No. C 01-20418 JW, 2005 WL 1459572 (N.D. Cal. June 21, 2005) (granting defendants' request for a staggered expert disclosure deadline because plaintiff carried the burden of proof in an action for securities fraud). On the contrary, the parties' joint statement prepared for the scheduling conference, in which the parties proposed case deadlines, *did not* request staggered expert disclosure but instead set forth the sequence of disclosure adopted by the Court. (Doc. 18 at 8)

On the other hand, to the extent that Plaintiff's discovery responses were evasive and an obstacle to Defendant's ability to timely disclose its expert witnesses, Defendant could have sought relief through a motion to compel. Defendant, however, made no effort to raise these issues with the Court.

Rather, Defendant made a calculated, tactical decision to disclose its experts only as rebuttal evidence to that which would be presented by Plaintiff's experts. This strategy carried an inherent risk: If Plaintiff did not present expert evidence, there would be nothing to rebut and Defendant would be precluded from utilizing its retained experts. Now that this risk has been realized, Defendant's explanations, that it should not have been required to make a joint disclosure and that Plaintiff's discovery responses were somehow deficient, are hollow. The choice to describe Defendant's experts as "supplemental" or "rebuttal" was simply a strategic decision that backfired. Accordingly, the Court concludes that Defendant's failure to timely disclose its expert witnesses was not substantially justified.

---

[3] In any event, courts have found that a defense expert whose testimony is intended to negate an element of the plaintiff's case, generally, must be identified in the initial round of expert disclosures. In Morgan v. Commercial Union Assurance Cos., 606 F.2d 554, 556 (5th Cir. La. 1979), the court held, "[A] defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." See also Wong v. Regents of Univ. of Calif., 410 F.3d 1052, 1060-1061 (9th Cir. 2005) (court properly excluded expert because "the necessity of the witness" could have "been reasonably anticipated at the time the lists were exchanged"); Peals v. Terre Haute Police Dept., 535 F.3d 621, 630-631 (7th Cir. 2008) (court properly excluded testimony that should have been presented in the case in chief); Emerick v. United States Suzuki Motor Corp., 750 F.2d 19, 22 (3rd Cir. 1984) ("It is well settled that evidence which properly belongs in the case-in-chief but is first introduced in rebuttal may be rejected, so as to avoid prejudice to the defendant and to ensure the orderly presentation of proof."); Smith v. Conley, 584 F.2d 844, 845-846 & n.3 (8th Cir. 1978) (court properly excluded undisclosed expert because the testimony should have been presented in the case in chief). Notably, Defendant *admits that it anticipated* that Plaintiff would present survey evidence in its case-in-chief and retained its two experts to address this evidence. (Doc. 59 at 9-10) Thus, they were required to have been disclosed in the initial disclosure. Moreover, given Defendant's position that these experts are needed *even though* Plaintiff did not designate an expert, the Court is further confounded as to why they were not disclosed in a timely fashion.

**2. Harmlessness**

Defendant may avoid exclusion of its expert witnesses if it is able to show that the untimeliness of its disclosures was harmless. In making such a determination, a court may consider: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 Fed. Appx. 705, 713 (9th Cir. 2010)[4] (citing David v. Caterpillar, Inc., 324 F.3d 851, 857 (7th Cir. 2003)). See Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999).

Here, Defendant argues that each of these factors militates against the exclusion of its expert witnesses. First, Defendant contends that Plaintiff is not the victim of prejudice or surprise because the subject matter of the expert reports is limited to Plaintiff's failure to provide expert evidence. Second, Defendant maintains that to the extent there is any prejudice or surprise, it can be easily cured because Defendant's experts are ready to be deposed. Third, Defendant expects there to be no disruption to the trial date, as the deadline for deposing expert witnesses has yet to expire. Fourth, Defendant argues that it did not act in bad faith. Rather, as noted above, Defendant contends that its untimely disclosure was simply a reflection of the burden of proof in a typical trademark infringement case and the result of Plaintiff's evasive discovery responses.

The Court finds that the untimeliness of Defendant's expert disclosures is not harmless. While it is true that expert discovery has not closed, it is set to close in days. Therefore, in order to allow sufficient time for Plaintiff to depose Defendant's expert witnesses and to produce its own expert rebuttal reports, the deadlines for expert discovery and for non-dispositive motion filing would have to be extended, as would the deadline for dispositive motions, which is currently set for June 28, 2011. Such late-stage disruption to the scheduling order is not harmless. See Wong, 410 F.3d at 1062 ("Disruption to the schedule of the court and other parties . . . is not harmless.").

Moreover, as discussed above, this was not a circumstance beyond Defendant's control. Instead, Defendant willfully chose this path along with the inherent risk that it posed. There is no question that Defendant was fully aware that the deadline for expert disclosures was set to expire on March 23, 2011;

---

[4] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

7

the correspondence between the parties reveals as much.[5]  (Docs. 47-3, 47-4 & 47-5.)  There is no question that Defendant took no action to remove any obstacles, to the extent that there were any, that prevented Defendant from disclosing its expert witnesses on time.  Instead, Defendant made a strategic decision to allow Plaintiff to disclose its expert evidence first, at which point Defendant would spring its expert witnesses on Plaintiff in the form of rebuttal reports.  When Plaintiff did not produce expert evidence, Defendant chose to untimely release its expert evidence nevertheless.

Under these circumstances, the Court finds Defendant's disregard of the scheduling order to be willful.  See Henry v. Gill Industries, Inc., 983 F.2d 943, 948 (9th Cir. 1993) ("[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.") (citation and internal quotation marks omitted).  Therefore, modification of the scheduling order in order to accommodate Defendant is unwarranted.  See Wong, 410 F.3d at 1060 ("Parties must understand that they will pay a price for failure to comply strictly with scheduling . . . orders, and that failure to do so may properly support severe sanctions and exclusions of evidence."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citations and internal quotation marks omitted).

### D.     Federal Rule of Evidence 1006

Finally, Defendant argues that its proffered expert reports constitute summaries of voluminous writings under Federal Rule of Evidence 1006.  Defendant contends that in this form, its expert reports are admissible and relevant if the Court later determines that accounting under 15 U.S.C. § 1117 is an appropriate remedy in this case.

The Court disagrees.  Rule 1006 provides, in part, that: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation."  Fed. R. Evid. 1006.  Here, Defendant points to no specific

---

[5] As to whether Defendant has acted willfully, Defendant's conduct is telling.  (Doc. 47 at 2-3)  On March 23, 2011– the deadline for expert disclosure–Plaintiff sought additional time within which to make its disclosure.  Id.  Defendant failed to respond until March 24, 2011, when it reiterated that the deadline was the day before and no extension would be granted.  Thus, while adamantly insisting on Plaintiff's strict compliance with the case schedule, requiring Plaintiff to disclose experts no later than March 23, 2011, Defendant waited until April 8, 2011–two weeks later– to disclose its experts.  (Doc. 59 at 9)  This result appears to be a calculated attempt to obtain the situation that now exists, in which Plaintiff has no disclosed experts but Defendant does.

8

portion of either expert report that serves as a compilation of voluminous data. Rather, Defendant asserts that the reports in their entirety, along with all the expert opinions expressed therein, are summaries of data. This attempt to submit expert reports in the guise of summaries of voluminous writings will not be permitted.

### III.     CONCLUSION

In sum, the expert witness reports of Dr. Jacob Jacoby and Krista Holt constitute initial expert disclosures. These disclosures were made by Defendant after the applicable March 23, 2011 deadline, making them untimely. Moreover, because Defendant has not demonstrated that the belated disclosures were substantially justified or harmless, the expert reports of Dr. Jacob Jacoby and Krista Holt will be excluded. Federal Rule of Evidence 1006 provides no different result.

Accordingly, it is **HEREBY ORDERED** that:

1. Plaintiff's April 13, 2011 motion to exclude Defendant's expert witnesses (Doc. 47) is **GRANTED**; and
2. The expert reports of Dr. Jacob Jacoby and Krista Holt are stricken.

IT IS SO ORDERED.

Dated:   **May 17, 2011**                                              /s/ **Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE