1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GERAWAN FARMING, INC.,                    Case No. 1:10-cv-00148 LJO JLT

12          Plaintiff,                          ORDER DENYING DEFENDANT'S
                                                MOTION TO COMPEL
13      vs.
                                                (Doc. 79)
14   PRIMA BELLA PRODUCE, INC.,

15          Defendant.

16   _____/

17          This matter comes before the Court on Defendant's motion to compel.  Defendant seeks further

18   discovery responses to five interrogatories, seven deposition topics, and twelve requests for production

19   of documents.  In accordance with Local Rule 251, the parties have filed a joint statement regarding this

20   discovery dispute.  The parties have also appeared before the Court for hearing on this matter.  Upon

21   consideration of the parties' submitted papers and the parties' arguments made at hearing, the Court

22   **DENIES** the motion.

23   **I.        BACKGROUND**

24          This is an action for trademark infringement, trademark dilution, trademark cancellation, and

25   unfair competition.  Plaintiff seeks to recover damages and injunctive relief for infringement on its

26   "PRIMA" trademarks (United States Trademark Registration Nos. 1,441,378 and 3,592,505), which are

27   used in the distribution of fresh produce.  (Doc. 13.)  Defendant contests Plaintiff's allegations and

28   brings a counterclaim to cancel United States Trademark Registration Nos. 1,441,378, 3,592,505, and

1

1   1,585,993.  (Doc. 21.)

2       Discovery conducted by Defendant in this action has included: (1) Requests for the Production

3   of Documents (Set One), which Plaintiff served responses to on March 7, 2011 (Doc. 93, Ex. A); (2)

4   Interrogatories (Set One), which Plaintiff served responses to on March 7, 2011 (Id., Ex. B); (3) a Rule

5   30(b)(6) deposition of Brent Hansston on April 7, 2011 (Doc. 97; Doc. 105, Ex. G); (4) a Rule 30(b)(6)

6   deposition of Denver Schutz on April 8, 2011 (Doc. 93, Ex. D); (5) a Rule 30(b)(6) deposition of George

7   Papangellin on April 12, 2011 (Doc. 93, Ex. E; Doc. 105, Ex. F); (6) a Rule 30(b)(6) deposition of Dan

8   Gerawan on May 4, 2011 (Doc. 93, Ex. I; Doc. 98; Doc. 105, Ex. H); and (7) a Rule 30(b)(6) deposition

9   of Michael Gerawan on May 5, 2011 (Doc. 99).

10      On May 17, 2011, Defendant filed the instant motion to compel further discovery.  (Doc. 79.)

11  Defendant seeks further responses to Interrogatory Nos. 13, 14, 18, 20, and 21; Request for Production

12  of Document Nos. 9, 10, 11, 12, 13, 18, 20, 28, 19, 30, 45, and 51; and Deposition Topic Nos. 6, 8, 9,

13  13, 21, 22, and 23.  (Id. at 4-14.)  On June 13, 2011, the parties filed a joint statement on this discovery

14  dispute in accordance with Local Rule 251.  (Doc. 92.)  The parties appeared for hearing on this matter

15  on June 20, 2011.

16  **II.     LEGAL STANDARD**

17      Federal Rule of Civil Procedure 26 provides a broad scope for discovery.  Oppenheimer Fund,

18  Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery

19  regarding any non-privileged matter that is relevant."  Fed. R. Civ. P. 26(b)(1).  Relevancy, as used in

20  the context of discovery, has been construed liberally to encompass "any matter that bears on, or that

21  reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  See

22  Oppenheimer Fund, 437 U.S. at 351.  "Relevant information need not be admissible at the trial" so long

23  as the discovery appears "reasonably calculated to lead to the discovery of admissible evidence."  Fed.

24  R. Civ. P. 26(b)(1).

25      If the responding party fails to produce discovery, the requesting party may move for an order

26  compelling discovery.  See Fed. R. Civ. P. 37(a)(3)(B).  On a motion to compel, the party seeking to

27  compel discovery bears the initial burden of showing that its discovery request satisfies the relevancy

28  requirements of Rule 26(b)(1). See Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  The

party resisting discovery then bears the burden of clarifying, explaining, and supporting its objections. DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)).  If the objections are clearly articulated, the moving party must show that the discovery request lies within the bounds of Rule 26.  See Harcum v. LeBlanc, 268 F.R.D. 207, 210 (E.D. Pa. 2010) (citation omitted).  The party resisting discovery ultimately carries the burden of showing why discovery should not be allowed.  Id.; Cable & Computer Tech, Inc. v. Lockheed Sanders, Inc., 175 F.R.D. 646, 650 (C.D. Cal. 1997).

## III.   DISCUSSION

### A.   Requests to Which Plaintiff Responded

Here, Defendant explains, in a general fashion, how the discovery requests at issue are relevant within the meaning of Rule 26(b)(1).  However, Defendant fails to specifically identify how Plaintiff's responses to the discovery requests are unresponsive or otherwise insufficient.  See James Wm. Moore, 7 Moore's Federal Practice § 37.05[5] (3rd ed.) ("A motion to compel discovery or disclosure should both identify specifically the portions of the responses that are inadequate, and explain, at least briefly, what is missing or what kind of information would be necessary to make the response adequate."); Local Rule 251 ("[A] motion made pursuant to Fed. R. Civ. P. 26 through 37. . . shall not be heard unless . . .(2) the parties have set forth their differences and the bases therefor in a Joint Statement re Discovery Disagreement." ) Local Rule 251(c) sets forth the requirements of the joint statement and requires, specifically,

> the Joint Statement, which shall specify **with particularity** the following matters: . . . (3) The contentions of each party as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.
>
> Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto, shall be reproduced in full. **The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection** . . .

Defendant's failure to detail the deficiencies of Plaintiff's responses is particularly problematic here because Plaintiff has in fact provided responses to many of Defendant's discovery requests.

For example, Defendant seeks additional testimony with respect to seven deposition topics, four of which include: (1) complaints received by Plaintiff regarding its fruits or Defendant's produce; (2)

Plaintiff's historical production, sales, and distribution of certain stone fruits; (3) Plaintiff's total yearly quantity and dollar sales of certain stone fruit; and (4) Plaintiff's total yearly quantity and dollar sales of certain produce marketed as a "proprietary variety." (Doc. 92 at 8-9.) Plaintiff, however, indicates that it has produced deposition witnesses pursuant to Rule 30(b)(6) on these matters. (Id. at 30-31.) In fact, Plaintiff points to specific portions of the deponents' testimony wherein Defendant's requested deposition topics were discussed. (See Doc. 99 at 80:12-99:20; Doc. 93, Ex. E at 159:24-165:5, 167:18-168:9.) Defendant, in contrast, is silent as to why the testimony is either evasive or unresponsive. As such, Defendant's motion to compel further testimony regarding Deposition Topic Nos. 6, 8, 9, and 13 must be denied. See Varsity Gold v. Bigham, No. C06-509RSM, 2007 U.S. Dist. LEXIS 41863, at *9 (W.D. Wash. June 1, 2006) (denying motion to compel where the moving party failed to identify any specific deficiencies in the non-moving party's discovery responses).

The same holds true for Request for Production No. 18. Therein, Defendant requests Plaintiff to produce all documents relating to the enforcement of the PRIMA trademark or slogan rights against any person other than Defendant. (Doc. 92 at 6.) In response, Plaintiff has produced: (1) the pleadings of Plaintiff's cases before the Trademark Trial and Appeal Board; (2) a cease and desist letter; and (3) a confidential and non-confidential settlement agreement, among other things. (Doc. 93 at ¶ 5.) There is no indication in either Defendant's motion to compel or in the parties' joint statement as to what else Defendant seeks to have produced. Thus, Defendant's motion to compel a further response to Request for Production No. 18 is denied.

The only discovery requests to which Defendant arguably makes a specific showing regarding the sufficiency of Plaintiff's response are as to Requests for Production Nos. 20, 45, and 51. In these requests, Defendant seeks the amount of money Plaintiff spent on advertising and promoting its products. (Doc. 92 at 7-8.) Objections aside, Plaintiff responded by producing a summary statement from its outside branding agency, MJR, covering ten years of advertising expenditures. (Id. at 21.) Defendant suggests that this is insufficient. In Defendant's view, Plaintiff should have also produced invoices, purchase orders, marketing plans, notes, proposals, meeting notes, and any other communication associated with the advertising expenditures. (Id.)

The Court disagrees. As currently drafted, Request for Production Nos. 20, 45, and 51 request

4

the production of documents sufficient to show the amount Plaintiff spent on advertising. Defendant obtained just that: raw numbers accounting for advertising expenses. To the extent that Defendant now seeks to obtain invoices, marketing plans, or communications regarding advertising expenditures, such documents are not encompassed by Defendant's initial discovery requests. Defendant cannot expand the scope of its requests on a motion to compel. Accordingly, Defendant's motion to compel further responses to Request for Production Nos. 20, 45, and 51 is **DENIED**.

### B.     Requests to Which Plaintiff Objects

Plaintiff stands on its objections to Interrogatory No. 18; Request for Production Nos. 28, 29, and 30; and Deposition Topic Nos. 21, 22, and 23. Plaintiff objects to these discovery requests on the grounds that they are vague, ambiguous, overbroad, unduly burdensome, and/or protected by the work product doctrine and the attorney-client privilege. (Doc. 92 at 6, 9-10, 14-15.)

Defendant's failure to inform the Court of the reasons why it believes Plaintiff's responses are deficient places the Court in an onerous position once again. Because Defendant has not supported its own motion, the Court is left to guess which objections Defendant challenges and on what grounds it believes the objections should be overruled. In other words, Defendant has abdicated its responsibility as the moving party and has left the Court to advocate in its absence. This is something the Court will not do. Accordingly, Defendant's motion to compel further responses to Interrogatory No. 18; Request for Production Nos. 28, 29, and 30; and Deposition Topic Nos. 21, 22, and 23 is denied. See Heartland Surgical Spec. Hosp., LLC v. Midwest Div., Inc., No. 05-2164-MLB-DWB, 2007 U.S. Dist. LEXIS 22090, at *80-81 (D. Kan. Mar. 26, 2007) (denying motion to compel where the issues presented were not addressed by either party in a meaningful way; noting that the moving party must actually address the resisting party's objections *first* before the court can reach any reasonable decision on the validity of those objections).

### C.     Requests to Which No Document Exists

In Request for Production Nos. 9, 10, 11, 12, and 13, Defendant seeks the quantity and dollar amount on a yearly basis for Plaintiff's sales or distribution of fruits and produce covered by Plaintiff's varietal patents. (Doc. 92 at 11-14.) Plaintiff, however, has represented that such documents do not exist because Plaintiff does not track its sales by varietal type. (Doc. 92 at 32; Doc. 93, Ex. E at 159:22-

165:5.)  Defendant does not argue otherwise.  Accordingly, because the Court cannot compel a party to produce documents that apparently do not exist, Defendant's motion to compel further responses to Request for Production Nos. 9, 10, 11, 12, and 13 is denied.  See Reish v. Pa. State University, Civil No. 4:09-CV-1273, 2011 U.S. Dist. LEXIS 55170, at *8 (M.D. Pa. May 24, 2011) ("It is clear that the court cannot compel the production of things that do not exist.").

**D.**      **Requests to Which Plaintiff Will Supplement**

Finally, Plaintiff has affirmatively stated, in either its served discovery responses or in the joint statement, that it is in the process of supplementing its responses to Interrogatory Nos. 13, 14, 20, and 21.  (Doc. 92 at 4-5, 25, 31.)  There is no indication by Defendant that such supplementation would be insufficient.  Defendant's motion to compel further responses to Interrogatory Nos. 13, 14, 20, and 21 is therefore denied as moot.  However, the Court reminds Plaintiff of its obligation under Federal Rule of Civil Procedure 26(e) to supplement its discovery responses in a complete and timely manner.[1]

**IV.**      **CONCLUSION**

In sum, Defendant has failed to provide the Court with any meaningful explanation as to why it believes Plaintiff's discovery responses are deficient.  Accordingly, it is **HEREBY ORDERED** that Defendant's May 17, 2011 motion to compel (Doc. 79) is **DENIED**.


IT IS SO ORDERED.

Dated:   **June 23, 2011**                                             **/s/ Jennifer L. Thurston**
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1]  Plaintiff's counsel asserted at hearing that she intended to serve supplemental discovery responses by the end of the week–by June 24, 2011.